IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAVERN DOWNING, SR., | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-501 (MTT) |
| JESSES THOMAS,[1] et. al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff Tavern Downing, Sr. filed this action pro se on behalf of himself and listed sixteen other individuals as plaintiffs.  Doc. 4.  Downing is the only person who signed the original complaint and the amended complaint.  Docs. 1; 4.  Therefore, he is the only plaintiff in this case.[2]  *See* Fed. R. Civ. P. 11.  Accordingly, the Court **STRIKES** Documents 23 through 38, which were "filed" by nonparties.  Docs. 23—38.  Downing also moves for leave to amend his amended complaint (Doc. 22) which the Court **DENIES** in part and **GRANTS** in part.  Downing **SHALL** no later than **Tuesday, April 9, 2024,** file a second amended complaint consistent with this Order.

---

[1] According to defense counsel, "Jesse Thompson believes himself to be the intended named defendant despite the misspelling of his name."  Doc. 8 at 1 n.1.

[2] "Individual parties in federal court 'may plead and conduct their own cases personally or by counsel.'" *Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 636 (11th Cir. 2018) (quoting 28 U.S.C. § 1654). "The right to appear pro se, however, is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." *FuQua v. Massey*, 615 Fed. Appx. 611, 612 (11th Cir. 2015) (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)).  As a non-attorney, Tavern Downing, Sr. may only represent himself.

## I. DISCUSSION

On February 15, 2019, Downing alleges that "Bibb County Sheriff Office, [USPS] Postal Inspector, and DEA Diversion Team Unlawfully Home invaded Tavern Downing['s] home, unlawfully searched and seized over 600 bitcoins and destroyed his laboratory, research chemicals, and destroyed his home unlawfully and without probable cause."  Doc. 4 at 7.  Downing was arrested and subsequently indicted on various criminal charges based on evidence obtained from the search.  Docs. 4 at 8; 22-12.  On October 18, 2023, the Bibb County Superior Court dismissed the indictment, concluding "the search violated [Downing]'s Fourth Amendment rights."  Doc. 22-12 at 2.  Downing filed this action on December 14, 2023, alleging claims related to the unlawful search and his arrest.  Doc. 1.  He amended his complaint with leave of Court on December 29, 2023.  Docs. 2; 3; 4.

Downing now moves for leave to amend his amended complaint and attaches a proposed second amended complaint to his motion.  Docs. 22; 22-1.  As best the Court can tell, there is no material difference between the first amended complaint and the proposed second amended complaint.  *Compare* Doc. 4 *with* Doc. 22-1.  Downing asserts claims against twenty-two defendants for violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.  Doc. 4.  Downing also asserts claims of false imprisonment, fraud, negligent misrepresentation, reckless endangerment, terroristic threats, conspiracy, theft, discrimination, and defamation.  *Id.*  Downing fails to allege any facts specific to any defendant.  *See* Docs. 4; 22-1.  Therefore, it is unclear what specific conduct of each defendant Downing contends was unlawful.  In response, some but not all defendants move to dismiss Downing's claims against them.  Docs. 8; 13.  It

appears that most of the nonmoving defendants have not yet been served.  *See*, *e.g.*, Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  A copy of Federal Rule of Civil Procedure 4 is attached.

Given Downing's pro se status, however, the Court will afford him an opportunity to amend and to file a second amended complaint.  *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").  The Court will not look back to the facts alleged in the prior complaint once the amended complaint is filed.  *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

In the "statement of claims" section of his amended complaint, Downing must link any claims he makes to the named defendant(s).  If Downing fails to link the named defendant(s) to a claim, the claim will be dismissed; if Downing makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.  Downing must provide enough facts to plausibly demonstrate that the defendants' actions or omissions resulted in the violation of his rights under a specific law.  In sum, Downing shall state with regard to each defendant:

(1) What the defendant did to violate his rights?

(2) When did each action occur?

(3) How was Downing injured as a result of the defendant's actions?

Finally, the Court advises Downing of the obligations imposed on him by Federal Rule of Civil Procedure 11, a copy of which is attached. Before drafting his second amended complaint, Downing shall read Rule 11.

## II. CONCLUSION

For the foregoing reasons, the Court **STRIKES** Documents 23 through 38. Docs. 23—38. The Court **DENIES** in part and **GRANTS** in part Downing's motion for leave to amend his amended complaint (Doc. 22). Downing **SHALL** no later than **Tuesday, April 9, 2024,** file a second amended complaint consistent with this Order.

**SO ORDERED**, this 26th day of March, 2024.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT